IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | CASE NO. 11-40506 |
| SCOTTO RESTAURANT GROUP, LLC | ) | CHAPTER 11 |
| | ) | |
| | ) | |
| | ) | |
| DEBTOR. | ) | |

**DEBTOR'S FIRST OMNIBUS OBJECTION TO "VENDOR CLAIMS" CONTAINED IN DEBTOR'S ORIGINAL SCHEDULE 'F' ON THE BASIS THAT ALL SUCH CLAIMS HAVE BEEN SATISFIED**

---

*IMPORTANT*

THIS CLAIMS OBJECTION IS DIRECTED ONLY TO THOSE PARTIES WHOSE NAMES AND CLAIMS APPEAR ON THE CHART ATTACHED AS EXHIBIT A. THE GROUNDS FOR THE DEBTOR'S OBJECTIONS TO CLAIMS ARE EXPLAINED HEREIN. YOU SHOULD LOCATE YOUR NAME (LISTED IN ALPHABETICAL ORDER) ON EXHIBIT A AND REVIEW THE DEBTOR'S PROPOSED TREATMENT OF YOUR CLAIM.

---

**HERE NOW COMES,** the Debtor Scotto Restaurant Group, LLC, (hereinafter "SRG"), by and through counsel, objecting to the claims listed in Debtor's original Schedule 'F' on the basis that all such claims constitute normal trade debt (hereinafter "Vendor Claims") and have since been paid in the ordinary course of business. In support of his objection, SRG offers the following:

**JURISDICTION**

1. This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these cases and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The statutory predicates for the relief requested herein are sections §§ 502, 506 and 507 of the Bankruptcy Code and Bankruptcy Rules 3001 through 3007.

# BACKGROUND

A. The Chapter 11 Case

2. On 11 August, 2011 (the "Petition Date"), a group of general unsecured creditors of Scotto Restaurant Group, LLC filed an involuntary petition for relief under section 303 of the Bankruptcy Code in this Court. Thereafter, Debtor was left in possession of its properties and the management of its business as a debtor-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code. No Trustee or examiner has been appointed in the Debtor's Chapter 11 case.

3. The Debtor is a North Carolina corporation, formed in 2006 and registered to do business in the state of North Carolina. Headquartered in Charlotte, North Carolina, the Debtor owns and operates a series of franchises of the popular national chain, Firehouse Subs. The Debtor's business, which is now comprised of six (6) Firehouse Sub restaurants are located in and around Charlotte, North Carolina.

4. Subsequent to the involuntary filing, the Debtor was compelled to provide the Bankruptcy Court a schedule of all outstanding debt obligations. Included in such schedules were all unpaid vendor claims at the time of the involuntary petition. The vendor claims are scheduled in Schedule F as General Unsecured Creditors in varying amounts revealed in Exhibit "A". Upon information and belief, listing those claims were simply the result of the involuntary petition being filed before the vendor invoices were paid.

5. Upon information and belief, all vendor claims stated on Exhibit "A" have been paid.

6. On 4 December 2012, the Bankruptcy Court approved the Debtor's Fourth Amended Chapter 11 Plan of Reorganization, which in part, allows the Debtor and the Unsecured Creditors Committee ("Committee") a six-month review period to file claim objections and seek a determination by the Bankruptcy Court on the allowance thereof.

7. Since the aforementioned vendor claims were scheduled and are deemed allowed and payable, the Debtor must file the current objections to ensure no creditor is "double-paid" for his/her claim. As such, the Debtor believes that the claimants on Exhibit A have already been paid in the normal course of business and believes all such claims should now be disallowed in whole and the Debtor not administer funds to the same in accordance with the Fourth Amended Confirmed Plan.

# RELIEF REQUESTED

8. With respect to the claims identified on the chart appearing on Exhibit A to this Claims Objection (the "Claims"), the Debtor objects and moves for the disallowance, in whole or in part, of the Claims in accordance with the Debtor's proposed treatment of each Claim, *supra*. The Debtor's request for disallowance of such claims is brought pursuant to §§ 502, 506 and 507 of the Bankruptcy Code and Bankruptcy Rules 3001 through 3007.

## RESERVATION OF RIGHTS

9. The Debtor's proposed treatment of Claims is not an indication or statement regarding the validity of any claim not listed in Exhibit A. The Debtor expressly reserves the right to amend, modify or supplement this Claims Objection (and to file additional objections to any claims), including, without limitation, objections as to the amounts asserted in any proofs of claim or any other claims (filed or not) against the Debtors' bankruptcy estate, which are not the subject of this Claims Objection. Should the Debtor's objection to any of the Claims addressed in this Claims Objection be denied or overruled, the Debtor reserves the right to object to such Claims on other grounds that the Debtor may subsequently determine to be appropriate, regardless of the occurrence of any deadline for filing objections to claims or for initiating avoidance actions.

WHEREFORE, Debtor respectfully requests this Court disallow all claims listed in Exhibit "A" attached hereto in whole unless the Respondents can put forth evidence revealing its enforceable right to payment and for such other relief as the Court feels just and proper.

This the 16th day of April, 2013.

STONE & WITT, P.A.
Attorneys for Debtor

/s/
Bryan W. Stone
N.C. Bar No. 32943
301 S. McDowell St., Suite 1011
Charlotte, North Carolina 28204
(704) 333-5184
bstone@SWlawNC.com

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | CASE NO.  11-40506 |
| SCOTTO RESTAURANT GROUP, LLC ) | CHAPTER 11 |
| ) | |
| DEBTOR. ) | |

CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the **Omnibus Objection to Claims** by either Electronic Case Filing as indicated or depositing copies of same in the exclusive care and custody of the United States Postal Service, with proper postage thereto affixed as follows:

Linda W. Simpson
U.S. Bankruptcy Administrator
*Via Electronic Service*

W. Chris Parnell
Patricia L. Rhame
Attorneys for William Carlisle
*Via Electronic Service*

Ashley A. Edwards
Katherine Rose Trotter
Kiah T. Ford, IV
Attorneys for Unsecured Creditors Committee
*Via Electronic Service*

James M. Sullivan
Assistant U.S. Attorney
*Via Electronic Service*

Joseph W. Grier, III
A. Cotton Wright
GRIER FURR & CRISP, P.A.
101 North Tryon Street, Suite 240
Charlotte, NC 28246

Clint S. Morse
John Small
Attorneys for CIT Small Business Lending Corp.
*Via Electronic Service*

Stacy Cordes
Attorney for Advance Restaurant Finance, LLC
*Via Electronic Service*

All Parties Stated in Exhibit "A"
*Via US Postal Service per Addresses listed thereon*

Bradley E. Pearce
Attorney for Blue Air 2010, LLC
*Via Electronic Service*

This the 16th day of April, 2013.

STONE & WITT, P.A.
Attorneys for Debtor

/s/
Bryan W. Stone
N.C. Bar No. 32943
301 S. McDowell St., Suite 1000
Charlotte, North Carolina 28204
(704) 333-5184
bstone@swlawnc.com